WILLIAM MINHINNAH *vs.* CHARLES HAINES et als, Township Committee of Cinnaminson.

The township of Cinnaminson was created by act approved March 18th, 1860, and by its terms went into effect immediately. By its 9th section, its first town meeting was to be held on the 2d Tuesday of March, 1861. The surveyors of the highways laid out a road in it on the 1st of October, 1860. *Held*—

1. That the act constitutes the inhabitants a corporation from its passage.

2. That the surveyors of the highways had power to lay out a road in it before the town officers could by its terms be elected.

3. That the town committee will be ordered to pay the damages to the land-owners, so that the road may be opened.

On motion for *mandamus.*

Argued before Justices OGDEN, VREDENBUGH, and VAN DYKE.

The opinion of the court was delivered by

VREDENBURGH, J. This is a motion for a *mandamus* upon

the township committee of Cinnaminson to raise and pay the damages assessed to certain land-owners through whom a road was laid in said township by the surveyors of the highways.

The motion is made in behalf of an applicant for the road, but not by any of the land-owners to whom damages were awarded.

The township of Cinnaminson was created by the act of the legislature, approved March 15th, 1860. By its 9th section, it was enacted that the said act should take effect immediately. By the 4th section, it was enacted that the next annual town meeting should take place on the 2d Tuesday of March, 1861.

The road in question was laid out on the 4th of October, 1860, when the surveyors also assessed the damages to the land-owners. No officers for the township of Cinnaminson could take place until the 2d Tuesday of March, 1861. Consequently when this road was laid out in October, 1860, the township had no officers.

By the act approved March 22d, 1860, it was provided that when any road should be laid out, the surveyors should immediately make an assessment of the damage to the owner of any land, other than the applicant's, over and above the advantage to him, and that if the town committee should be dissatisfied, that they might appeal, and that all acts and parts of acts inconsistent with this last act should be repealed.

The first-named act constitutes the inhabitants of Cinnaminson a municipal corporation from its passage. There was no necessity that it should be accepted by the inhabitants. They were powerless to prevent their being incorporated. If all the inhabitants had voted against being incorporated, they could not repeal the act or prevent its going into effect. The act of the legislature was supreme.

Being so incorporated, had the surveyors of the highways power to lay out a road in it before the township officers were or could be by its terms elected ?

Minhinnah v. Haines.

The road act, (*Nix.* 737, § 2,) provides for laying out roads in any part of the county by surveyors of the highways of the county. This power to lay out roads, and to appoint surveyors for that purpose, does not depend upon the fact whether the township has or has not legally appointed surveyors of the highways. It often happens that, through some accident, they have not, but that has never been construed to suspend the road-laying power.

But it is contended that the act of the 22d of March, 1861, gives the township committee the right of appeal against excessive damages awarded by the surveyors, and that as, when this road was laid out in October, 1860, the township had not and could not have had yet any township committee, that no road could be legally laid out. But the act of 22d of March, 1860, does not say so; it only says "if any township committee shall be dissatisfied with the assessments of the surveyors they may appeal." It gives the township committee a right to appeal. But where there is no committee it gives no right. It seems unreasonable to deprive the township of this right of appeal; but all we can say is, "*Ita est scripta lex.*" It is one of those instances of hasty legislation so frequently met with, and through the quicksands of which we can only steer by sounding at every step.

The road being then a legally laid-out road, the several owners are entitled to their damages, and the applicant to have the road opened, which cannot be done until the damages are tendered or paid. This it is the duty of the present committee to do.

A *mandamus* must issue.